UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON HUBBERT,

        Petitioner,                      Civil No. 4:14-CV-11719
                                                        Honorable Linda V. Parker

v.

BONITA HOFFMAN,

        Respondent.
_____/

**<u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO AMEND AND/OR TO STAY THE HABEAS PROCEEDING AND ADMINISTRATIVELY CLOSING CASE</u>**

Petitioner Jason Hubbert, a state prisoner in the custody of the Michigan Department of Corrections, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent filed an answer in opposition. Now before the Court is Petitioner's Motion to Amend and/or Administratively Stay the Habeas Proceeding. Petitioner seeks to amend his petition to add unexhausted claims or, in the alternative, asks the Court to stay this proceeding to allow him to exhaust his state court remedies.

Petitioner seeks to amend his petition to raise claims related to the Michigan Supreme Court's decision in *People v. Lockridge*, -- N.W.2d --, 498 Mich. 358 (2015). A federal district court has discretion to allow amendment of a habeas petition after a responsive pleading has been filed. *See* Rule 11, Rules Governing

28 U.S.C. § 2254 Cases; Fed. R. Civ. P. 15(a). Nevertheless, a federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion doctrine requires prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A) & (c); *O'Sullivan*, 526 U.S. at 844. To properly exhaust state court remedies, a prisoner must invoke one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845. In Michigan, this means the petitioner must present each of his or her ground for habeas relief to both Michigan appellate courts before seeking federal habeas relief. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

Petitioner concedes that he has not yet raised his *Lockridge*-related claims in state court. Because these claims are unexhausted, the Court will not allow Petitioner to amend his petition at this time to add these claims. *See Rockwell v. Yukins*, 217 F.3d 421, 424 (6th Cir. 2000) (holding that a district court should not

2

allow a habeas petitioner to amend a petition to add an unexhausted claim). Alternatively, Petitioner seeks the relief of a stay.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (recognizing the court's discretion to stay and establishing criteria for stay). A stay may be granted when the petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278 (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)). The Court finds that a stay is warranted in this case.

First, the dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Second, the Court finds that Petitioner has good cause for failing to exhaust his claims because the *Lockridge* case was decided after he filed his petition. Third, the *Lockridge*-related claims do not appear to be plainly meritless. Fourth, there is no evidence of intentional delay. Under these circumstances, the Court concludes it is not an abuse of discretion to stay this case while Petitioner pursues state remedies for his unexhausted claims.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Amend and/or Administratively Stay the Habeas Proceeding (ECF No. 10) is **GRANTED IN PART AND DENIED IN PART** in that the Court denies Petitioner's request to amend his petition, but grants his request for a stay;

**IT IS FURTHER ORDERED** that the stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within **sixty (60) days** of the filing date of this order and returning to this Court within **sixty (60) days** of fully exhausting his state court remedies by the filing of a motion to reopen and amend the petition, <u>using the same caption and case number included at the top of this Order</u>.  Should Petitioner fail to comply with any of these conditions, his petition may be dismissed;

**IT IS FURTHER ORDERED** that this case is **CLOSED** for administrative purposes pending compliance with the conditions set forth in this Order.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: April 26, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 26, 2016, by electronic and/or U.S.

First Class mail.

s/ Richard Loury
Case Manager

5

4:14-cv-11719-LVP-PTM   Doc # 12   Filed 04/26/16   Pg 5 of 5   Pg ID 749